<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MERCO, INC.; and THE COUNTY OF MORRIS; | )<br>)<br>)<br>) |
| Plaintiffs, | ) |
|  | )    Civil Action No. 09-552 (GEB) |
| v. | ) |
|  | )    **MEMORANDUM OPINION** |
| UNITED STATES FEDERAL HIGHWAY ADMINISTRATION, | )<br>)<br>) |
| Defendant. | )<br>) |

**<u>BROWN, Chief Judge</u>**

  This matter comes before the Court upon the plaintiffs' Merco, Inc. and the County of Morris (collectively "Plaintiffs") objections to the July 27, 2009 report and recommendation of United States Magistrate Judge Douglas E. Arpert. (Doc. No. 17.) The Court has jurisdiction pursuant to 28 U.S.C. §1361 and §1331. The Court has reviewed the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will adopt the decision of the Magistrate Judge.

**I.  BACKGROUND**

  Plaintiffs filed the instant complaint and motion to compel on February 6, 2009, and petitioned the Court to compel the defendant United States Federal Highway Administration ("FHWA" or "Defendant"), an agency of the Department of Transportation, to produce its employee,

Tanya Jackson-Emam ("Ms. Emam"), for a deposition regarding a bridge project on U.S. Route 202 in Boonton and Parsippany, New Jersey.  (Compl. ¶¶6, 7, 10; Doc. No. 1.)  The deposition would be used in connection with a matter in the Superior Court of New Jersey, Law Division, Morris County, <u>Minelli Construction Co. v. Merco, Inc. v. County of Morris v. Richard Grubb & Assoc.</u>, Civil Docket No. MRS-L-002467-05.  (<u>Id.</u> at ¶8.)

Merco, Inc. is the general contractor for the project, and the County of Morris is the owner of the project.  (<u>Id.</u> at ¶10.)  Ms. Emam had allegedly reviewed plaintiffs' request for additional payment and denied additional funding on behalf of FHWA in an e-mail dated November 4, 2004.  (<u>Id.</u> at ¶¶6, 7, 10, 14.)  Plaintiffs state that in this email, the FHWA summarizes that the funding would be denied because the design engineer Dewberry-Goodkind, Inc., f/k/a Goodkind & O'Dea, Inc., d/b/a/ Dewberry ("Dewberry") prepared defective designs for the project, calling for the installation of sheet-pile cofferdams to construct the bridge's piers.  (<u>Id.</u> at ¶¶10, 11, 15.)  Plaintiffs allege in part that Dewberry "neglected to disclose relevant foundation information causing Merco and the County to incur additional expense and time in installing the cofferdams used to construct the bridge foundations and piers."  (<u>Id.</u> at ¶16.)

Plaintiffs seek to introduce the e-mail authored by Ms. Emam in the state proceeding to show that Dewberry's design "was not suited for the soil conditions at the site, and . . . departed from acceptable engineering practices and standards."  (<u>Id.</u> at ¶17.)  According to Plaintiffs, the e-mail would also help show that "the subsurface information provided was insufficient and did not disclose the obstructions located at the cofferdams/piers and encountered by Merco during construction."  (<u>Id.</u>)  Plaintiffs aver that they filed a motion in limine in state court on August 18, 2008, to seek a ruling regarding the admissibility of the e-mail pursuant to New Jersey Rules of Evidence 803(c)(6)

& (8), which govern the admission of business records and public records. (Id. at ¶19.) Plaintiffs assert that they need the author of the e-mail to testify to "establish the necessary foundation to establish the truth of the matter asserted in this document for use at trial." (Id. at ¶22.) The parties advised the Court during the teleconference on December 23, 2009, that the trial is currently scheduled for January 2010.

In an effort to secure Ms. Emam's testimony, Plaintiffs drafted two separate subpoenas. The first, dated April 18, 2008, was served directly to Ms. Emam on April 30, 2008. (Subpoena, dated April 14, 2009; Doc. No. 6-1 at 18-20.) Apparently, it was also received via fax by the FHWA on the same date. (Letter, dated May 1, 2008; Doc. No. 6-1.) The second amended subpoena, dated June 2, 2008, was faxed to the FHWA on June 2, 2008. (Amended Subpoena, dated June 2, 2008; Doc. No. 6-1 at 26-29.) The FHWA, however, refused to adhere to the demands set forth in these subpoenas. As such, the FHWA wrote a letter dated May 1, 2008, explaining the reasons that the FHWA would "not produce Ms. Emam for deposition." (Letter, dated May 1, 2008; Doc. No. 6-1 at 23-24.) In response to the Amended Subpoena, the FHWA wrote a letter dated June 20, 2008, in which it again stated that it would not produce Ms. Emam, and would alternatively "have the document authenticated by the appropriate Agency personnel." (Letter, dated June 20, 2008; Doc. No. 6-1 at 36.) The FHWA also wrote a letter to the state court judge to quash the April 18 subpoena and the June 2 subpoena. (Letter, dated Aug. 5, 2008; Doc. No. 3-3 at 5-6.)

After the instant complaint and motion to compel were filed, the Magistrate Judge issued an Order to Show Cause for the FHWA to state in writing why it should not be ordered to produce its employee for a deposition. (Order, dated ; Doc. No. 4.) Defendant argued that the state court had not issued a final ruling on the motion in limine. (Docket Entry No. 6 at 5.) Defendant maintained

that pursuant to the agency's regulations, it would not provide its employee because the subpoena that Plaintiffs sent to the DOT did not meet the requirements set forth in 49 C.F.R. Part 9. (Id. at 7 to 14.) Defendant further stated that it decided not to make an exception pursuant to the regulations in this matter, but did agree to provide certification authenticating the e-mail. (Id. at 17 to 19.) After receiving supplemental briefing, by order dated July 27, 2009, the Magistrate Judge denied the relief sought in the complaint. (Docket Entry No. 16.)

## II. DISCUSSION

Plaintiffs, in their brief filed on August 7, 2009, argue that the trial in which the deposition was requested was scheduled to begin September 14, 2009. (Pl.'s Br. at 1; Doc. No. 17-4 at 2.) Plaintiffs argue that the decision made by the FHWA denying the requested deposition was arbitrary because it relied upon the "blanket policy" set forth in 29 C.F.R. Part 9. To this end, Plaintiffs quote the FHWA's June 20, 2008 letter, in which it states that the FHWA is not subject to a subpoena to appear in state court between private litigants. (Id. at 3.) Plaintiffs liken the FHWA's response to a matter decided by the Eastern District of Pennsylvania, see United States v. Fleet Management Ltd., 2008 U.S. Dist. LEXIS 33679 (E.D. Pa April 24, 2008), and argue that the situation is "similar" in that in Fleet Management "the Coast Guard declined to produce the witness requested." (Pl.'s Br. at 3.) Plaintiffs state that "the FHWA has not proffered a single substantive argument for denying the County and Merco's request for a deposition." (Id. at 4.) Plaintiffs argue that because FHWA, in its stated reason for denying the request, relies on the fact that this is a state court proceeding, the Court should find that the decision was arbitrary and capricious insofar as "the regulations do not distinguish between State and Federal cases." (Id. at 5.) Plaintiffs assert that the Magistrate Judge

4

erred in relying on Davis Enters. v. United States Envtl. Prot. Agency, 877 F.2d 1181 (3d Cr. 1989) and Brodie v. United States Dept. of Justice, Civil Action No. 07-1257, 2007 U.S. Dist. LEXIS 75191 (E.D. Pa. Oct. 4, 2007).  (Pl.'s Br. at 6.)

Defendant argues that "its refusal to produce its employee for a deposition was made in accordance with the applicable regulation" and "such a decision was not arbitrary, capricious, an abuse of discretion or contrary to law." (Def.'s Br. at 2; Doc. No. 18 at 3.)  Defendant identifies two arguments made in Plaintiffs' papers, namely "that the decision by the FHWA to deny the request for a deposition of Ms. Emam was arbitrary . . . and that . . . two of the cases relied upon by the FHWA in Defendant's Memorandum in Response to Order to Show Cause, filed April 6, 2009, are distinguishable from the instant case."  (Id. at 5.)  However, Defendant argues that these arguments are "meritless" because the FHWA has explained its decision, as can be seen in the Declaration of Sharon Vaughn-Fair, Defendant's Memorandum in Response to Order to Show Cause, and in the Magistrate Judge's Order.  (Id. at 9.)  In addition, Defendant addresses Plaintiffs' arguments with respect to Fleet Management, and argues that it should be distinguished.  Defendant further states that to the extent the state judge's opinion regarding the admission of the e-mail implied that an expert opinion would be necessary, it should be noted that "the applicable Touhy Regulations specifically prohibit employees from testifying as an expert or opinion witness . . . with regard to any matter arising out of the employee's official duties or functions of the Department."  (Id. at 11)(citing 29 C.F.R. §9.9(c)).  Defendant avers that "whether the legal proceedings between private litigants were pending in state court or federal court, the decision would have been the same."  (Id. at 13.) Defendant also addresses the argument concerning Federal Rule of Civil Procedure 45, and notes that it is not applicable because "[t]he instant matter does not involve a motion to quash a subpoena

under Rule 45" and because the standard of review that this Court must apply under the APA differs from the standards set forth under application of Rule 45.  (Id. at 13-14.)  Moreover, Defendant argues that Davis Enterprises. v. United States Envtl. Prot. Agency, 877 F.2d 1181 (3d Cr. 1989) and Brodie v. United States Dept. of Justice, Civil Action No. 07-1257, 2007 U.S. Dist. LEXIS 75191 (E.D. Pa. Oct. 4, 2007), are applicable and instructive.  (Def.'s Br. at 14-15.)  Finally, Defendant argues that "[t]he assertions made in the Kutil Declaration . . . provide no support for the rejection or modification of the Magistrate Judge's Order."  (Id. at 15.)  To this end, Defendant reiterates its argument that requiring Ms. Emam to be deposed even in a limited fashion would be burdensome and "would involve a significant time commitment and call Ms. Emam away from her federal duties."  (Id. at 16.)

      A.    **Standard of Review**

Defendant argues that because the Magistrate Judge's decision "addressed the ultimate issue in this lawsuit, that is, whether or not this Court will compel defendant to produce FHWA employee . . . for a deposition in the pending state court matter," that this Court should treat this matter as though it were an objection to a Magistrate Judge's report and recommendation pursuant to Local Civil Rule of Procedure 72.1(c)(2), and accordingly apply the standard of review that would be applicable in that instance.  (Def.'s Br. at 3-4.)  While Plaintiff did not address this issue in its papers, the parties agreed via teleconference on December 23, 2009, that the appropriate standard of review is de novo.

When an appeal is filed from a Magistrate Judge's order, a district court may reverse the

determination of a non-dispositive issue only if it is "clearly erroneous or contrary to law."[1] 28 U.S.C. § 636(b)(1)(A); see also FED. R. CIV. P. 72(a); LOC. R. Civ. P. 72.1(c)(1); Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1113 (3d Cir. 1986), cert. denied, 484 U.S. 976, 108 S. Ct. 487, 98 L. Ed. 2d 485 (1987); Lithuanian Commerce Corp. v. Sara Lee Hosiery, 177 F.R.D. 205, 213-14 (D.N.J.1997). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Lo Bosco v. Kure Eng'g Ltd., 891 F. Supp. 1035, 1037 (D.N.J. 1995) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). A district court may not take into consideration any evidence that was not put forth before the magistrate judge when reviewing the magistrate judge's factual determination. Haines v. Liggett Group, Inc., 975 F.2d 81, 92 (3d Cir. 1992); Lithuanian Commerce, 177 F.R.D. at 213. Under the clearly erroneous standard, the reviewing court will not reverse the magistrate judge's determination even if the court might have decided the matter differently. Cardona v. Gen. Motors Corp., 942 F. Supp. at 971 (quoting Toth v. Alice Pearl, Inc., 158 F.R.D. 47, 50 (D.N.J. 1994)). The court, however, will review a Magistrate Judge's legal conclusions under de novo review. Cooper Hosp./Univ. Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998) (citations omitted). "Where a [M]agistrate [J]udge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." Id.; see also 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3069 ("many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis").

---

[1] A party objecting to a magistrate judge's order may, within ten days of service of the order, serve and file objections with the district judge. FED. R. CIV. P. 72(a); LOC. R. CIV. P. 72.1(c)(1)(A).

Alternatively, when an objection is made to a Magistrate Judge's report and recommendation, review of a Magistrate Judge's report and recommendation, as well as objections to it, is governed by Local Civil Rule 72.1. The rule provides that a district court "shall make a de novo determination of those portions [of the report and recommendation] to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." LOC. R. CIV. P. 72.1(c)(2). In conducting its review, a district court "may consider the record developed before the Magistrate Judge, making [its] own determination on the basis of that record." Id. See also State Farm Indem. v. Fornaro, 227 F. Supp. 2d 229, 231 (D.N.J. 2002).

Because the issues raised in the appeal involve legal conclusions, the Court notes that whether it treats the matter before it as objections to a report and recommendation or alternatively as an appeal from Magistrate Judge's order, the proper standard of review is de novo. However, because the ultimate relief sought in the complaint was determined by the Magistrate Judge and because the final relief sought was wholly denied in that order, making it a dispositive disposition, the Court will review the August 7, 2009 order de novo.

### B.    The Magistrate Judge's Decision

The court below denied the relief sought by Plaintiffs. The July 28, 2009 order noted that the Department of Transportation, pursuant to 49 C.F.R. Part 9, has regulations in place that govern the testimony of employees in legal proceedings, and further noted that pursuant to 5 U.S.C. ¶706(2), there is a "very narrow and highly deferential standard" when reviewing an agency's decision, in which the "agency's action is presumed valid." (Order, dated July 18, 2009; Doc. No. 16 at 2-3.) Judge Arpert cited 49 C.F.R. §9.5, which governs when DOT employees may provide testimony, and

8

found that "the FHWA acted in accordance with the existing regulations when it denied Plaintiffs demand for the deposition." (Id. at 3.) He also concluded that "the FHWA's conclusion is neither arbitrary, capricious, nor an abuse of discretion." (Id. at 4.) Accordingly, he denied the relief requested.

    **C.**    **Analysis**

At the outset, we note that it is not relevant to the instant inquiry whether the e-mail authored by Ms. Emam is ultimately admissible or inadmissible in the state court proceedings. Rather, the inquiry at hand is whether the FHWA abused its discretion in refusing to comply with the subpoena, which required that a Department employee provide testimony at trial or alternatively sit for a deposition. This Court concludes after de novo review that it will adopt the decision of the Magistrate Judge.

When reviewing a decision of a federal agency, Section 706(2) of Title 5 of the United States Code provides that a court should only set aside agency actions, findings, or conclusions if they are found to be:

    (A)    arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

    (B)    contrary to constitutional right, power, privilege, or immunity;

    (C)    in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

    (D)    without observance of procedure required by law;

    (E)    unsupported by substantial evidence in a case subject to sections 556 and 557 of this title . . . or otherwise reviewed on the record of an agency hearing provided by statute; or

  (F)  unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

5 U.S.C. § 706(2).  See also Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 415 (1971).  A reviewing court shall also "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. §706(1).

  "A federal agency has the power to promulgate regulations that grant it discretion to determine whether to comply with subpoenas requesting testimony of its employees." United States v. Fleet Management Ltd., No. 07-279, 2008 U.S. Dist. LEXIS 33679, at *5 (E.D. Pa. April 24, 2008) (citing United States ex rel Touhy v. Ragen, 340 U.S. 462 (1951); 5 U.S.C. §301).  The Department of Transportation enacted regulations accordingly.  Part 9 of Title 49 of the Code of Federal Regulations addresses the procedures that govern the testimony of employees of the Department of Transportation and the production of Department records in legal proceedings.  In general, the regulations prohibit employees of the Department of Transportation from providing testimony or producing or disclosing Department material in legal proceedings.  The purpose of the regulations is to "[c]onserve the time of employees for conducting official business," to "[m]inimize the possibility of involving the Department in controversial issues not related to its mission," to "[m]aintain the impartiality of the Department among private litigants," to "[a]void spending the time and money of the United States for private purposes," and "[t]o protect confidential, sensitive information and the deliberative processes of the Department." 49 C.F.R. §9.1(b).  The regulations "appl[y] to the testimony of an employee in legal proceedings in which the United States is a party," and "in legal proceedings between private litigants to requests or demands for testimony or records concerning information acquired in the course of an employee performing official duties." 49 C.F.R.

§9.2.  The regulations define "legal proceeding" as "any case or controversy pending before any federal, state, or local court," and defines "legal proceeding between private litigants" as "any legal proceeding in which neither the Department of Transportation nor the United States . . . is a party." 49 C.F.R. §9.3.

> Part 9 specifically provides:
>
> No employee of the Department [of Transportation] may provide testimony or produce any material contained in the files of the Department, or disclose any information relating to, or based upon, material contained in the files of the Department, or disclose any information or produce any material acquired as part of the performance of that employee's official duties or because of that employee's official status unless authorized in accordance with this part, or by other applicable law.

49 C.F.R. §9.5.

Despite this general prohibition, agency counsel has the authority to permit requested testimony.  See 49 C.F.R. §9.1(c); 49 C.F.R. §9.11(e).  The regulations provide that when there is a legal proceeding between private litigants, "[t]he proper method for obtaining testimony or records from an employee is to submit a request to agency counsel . . . not to serve a demand on the employee."  49 C.F.R. §9.9(a).  Section 9.9 goes on to limit the type of testimony that an employee may give, stating that "[a]n employee shall not provide testimony at a trial or hearing" and "shall be limited to a single deposition, affidavit, or set of interrogatories."  Id. at §9.9(d).  This section also states that "[a]n employee shall not testify as an expert or opinion witness with regard to any matter arising out of the employee's official duties or the functions of the Department."  Id. at §9.9(c).

Finally, the Department promulgated certain procedures that govern requests for testimony. See 49 C.F.R. §9.15.  It requires that one must "request the testimony at least 30 days before it is intended to be taken or received" and that it "must be submitted to agency counsel."  Id. at §9.15(a).

11

It further provides that the request must include:

(1) The title of the case, docket number, and the court, or otherwise identify the legal proceeding involved;

(2) A statement setting forth the basic facts in the proceeding, such as the type, date, and location of an accident;

(3) A summary of the unresolved issues applicable to the testimony sought;

(4) A summary of the testimony sought and its relevant to the proceeding;

(5) A certification with support, that the information desired is not reasonably available from other sources, including Departmental documents;

(6) Pursuant to § 9.9(d) of this part, an affidavit or certification describing the extent of a search of parties and potential parties and listing the names of the parties and potential parties notified; and

(7) A declaration that the party will not seek expert or opinion testimony from the witness or seek the testimony of the witness at a hearing or trial in the proceeding.

49 C.F.R. §9.15(a).

Plaintiffs have argued that United States v. Fleet Management Ltd., 2008 U.S. Dist. LEXIS 33679 (E.D. Pa. 2008), is instructive and supports a finding that the regulations here are arbitrary. In Fleet Management, a district court addressed a regulation promulgated by the Department of Homeland Security governing requests for testimony. The issue before the court was whether it was an arbitrary abuse of discretion for the Coast Guard to refuse to permit its employee to testify when it had been alleged that another employee, in bad faith, destroyed the notes that he took during his interviews of crew members. It was argued that this alleged action undermined the Coast Guard's policy of retaining complete notes of interviews. Id. at **2-3. The Fleet Management court relied on the Third Circuit's decision in United States v. Ramos, 27 F.3d 65 (3d Cir. 1994), which "held

12

that government agents must preserve their rough notes of interviews with prospective trial witnesses." Fleet Management, 2008 U.S. Dist. LEXIS 33679, at *8. The district court reasoned that the Coast Guard abused its discretion in refusing to permit its employee, who authored a policy memorandum regarding the taking and maintaining of notes, to testify. This decision was based on the fact that "the conduct of a member of the Coast Guard" was at issue and "gave rise to a serious legal issue" – the bad faith destruction of notes. Id. at *11.

Here, in its letter dated May 1, 2009, the FHWA explained that it would not produce Ms. Emam due to procedural deficiencies with the April 18, 2008 subpoena. (Docket Entry No. 3-3 at 2.) The Department identified these deficiencies, stating that it failed to meet the regulatory requirements because: (1) "according to §9.15, testimony requests should be made at least 30 days before it is intended to be taken or received;" (2) "the subpoena should have included a summary of the unresolved issues applicable to the testimony sought;" (3) "there should have been a summary of the testimony sought and its relevance to the proceedings;" (4) "there should have been an affidavit or certification describing the extent of a search of parties and potential parties and a listing of the names of the parties and potential parties notified;" and (5) "there should have been a certification with support, that the information desired is not reasonably available from other sources, including Departmental documents." (Id.) The Court concludes that the Department did not abuse its discretion in requiring that the procedural requirements set forth in the regulations be observed for Ms. Emam's participation at a deposition. These procedural requirements are straightforward, and Plaintiffs clearly failed to meet them. That was the reason for this denial, and it was clearly stated in the Department's May 1, 2009 letter in response.

A subsequent letter, dated June 20, 2008, was sent from the Department in response to

another request for Ms. Emam's testimony. The amended request dated June 2, 2009, stated that "plaintiff's [sic] sought the testimony of Ms. Emam in order to have the email of November 4, 2004, authenticated so that it could be established to be a business record of the FHWA and admitted into evidence in the state court matter." (Doc. No. 6-1 at 10, 26-29.) The June 2, 2008 subpoena "commanded" Ms. Emam's testimony, and stated that the deposition would be scheduled for either June 26, 27, or 30, 2008. (Id. at 28.) In response, the Department cited the general prohibition against providing testimony in this type of circumstance, citing 29 C.F.R. §9.13.[2] The Department stated in this letter, however, that it was "willing to have the document authenticated by the appropriate Agency personnel." (Id. at 3.) The Court concludes that while cursory, the letter in response rejecting this second request clearly referenced the procedural sections of Part 9 of the Regulations. It also cited to the general prohibition against providing such testimony. Therefore, the Court concludes that it was not an abuse of discretion to deny the "command" for Ms. Emam's testimony as it was procedurally deficient. The Department also relied on the general prohibition for such testimony and offered a less burdensome means to meet the need stated in the request. A certified copy of the email was provided to Plaintiffs. (Doc. No. 6-1 at 38-39.)

Finally, to the extent that Plaintiffs place reliance on a district court matter from the Eastern District of Pennsylvania, the Court concludes that Fleet Management presents factual considerations that are different from those involved in the instant matter. There are no special factual

---

[2] In a declaration furnished to this Court, Sharon Vaughn-Fair, assistant chief counsel for the FHWA who authored the letters rejecting the Plaintiffs' requests, notes that the "letter of June 20, 2008, erroneously referred to §9.13, which pertains to requests for records, instead of §9.15, which pertains to requests for information." (Docket Entry No. 6-1 at ¶11.) It is also noted that while this letter relies on the general prohibition of employees providing testimony, the letter cites a section that outlines the procedural requirements for making a request.

14

circumstances presented here that call into question the good faith of the federal employee.  <u>Fleet Management</u> also relied on a Third Circuit opinion in which it was held that notes taken during interviews should be maintained, a consideration that is inapplicable here. Conversely, the holding in <u>Davis Enterprises v. United States Environmental Protection Agency</u>, 877 F.2d 1181 (3d Cir. 1989) is instructive and more analogous to the instant matter.  The Third Circuit there held that preventing an employee of the Environmental Protection Agency ("EPA") from testifying was not arbitrary, capricious, or an abuse of discretion because the EPA considered the factors that were required of it pursuant to its own regulations, and even though the EPA construed its interests narrowly, it did not abuse its discretion.  <u>Davis Enterprises</u>, 877 F.2d at 1188.  Here, the Department certainly referenced the deficiencies with the "commands" for Ms. Emam's testimony, and therefore, did not abuse its discretions in rejecting them.

### III.    CONCLUSION

For the foregoing reasons, the Court adopts the Magistrate Judge's report and recommendation.  An appropriate form of order accompanies this opinion.

Dated: December 23, 2009

    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.